IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,               Cr. No. S-02-0099 JFM

    vs.

SHERRI ANN HERNDON,

        Defendant.        <u>ORDER</u>

_____/

        Plaintiff's motion for probation revocation came on regularly for hearing October 4, 2007. Joseph M. Cook, Assistant United States Attorney, appeared for plaintiff. Linda Harter, Assistant Federal Defender, appeared for defendant. The court ordered further briefing, which has now been submitted. Upon review of the motion and the documents in support and opposition, upon hearing the arguments of counsel and good cause appearing therefor, THE COURT FINDS AND ORDERS AS FOLLOWS:

        Defendant was convicted of theft of government property, a violation of 18 U.S.C. § 641 and on August 22, 2002, was sentenced to a term of 60 months supervised probation. On December 22, 2006, the defendant's sentence was modified to allow court probation in lieu of supervised probation. On August 1, 2007, the government filed a probation revocation petition. On August 15, 2007, the defendant was ordered to appear and show cause why probation should not be revoked.[1] On August 22, 2007, defendant's five year probation term expired. On October

_____

[1] The order specifically stated: "Based on the foregoing allegations, and the good cause appearing therefrom, it is hereby ordered that the defendant appear on Wednesday, September 5,

4, 2007, the matter was heard and defendant moved to dismiss the petition for lack of jurisdiction.  Defendant argued that plaintiff's petition was not under oath or affirmation; thus the order was invalid and could not serve to extend the court's jurisdiction beyond the expiration of defendant's five year probation term.

An attempt to modify, extend, or revoke probation must be made within the probationary term.  See 18 U.S.C. §§ 3563(c), 3564(d), 3565(a) and (c); see also United States v. Schmidt, 99 F.3d 315, 317-18 (9th Cir.1996) (noting that revocation after expiration of probation term was proper where summons was issued prior to expiration);[2] United States v. Humphress, 878 F.Supp. 168, 170-71 (D.Or.1994); cf. Freeman, 922 F.2d at 1394-95 (discussing former 18 U.S.C. § 3563(c) and stating that a court "may not revoke a probationary sentence once it has expired.").

Title 18 U.S.C. § 3565(c), dealing with delayed revocation of probation, provides:

> (c) Delayed revocation.--The power of the court to revoke a sentence of probation for violation of a condition of probation, and to impose another sentence, extends beyond the expiration of the term of probation for any period reasonably necessary for the adjudication of matters arising before its expiration if, prior to its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

Id.

Title 18 U.S.C. § 3583(i), dealing with delayed revocation of supervised release provides:

> (i) Delayed revocation.--The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the

2007, at 11:00 a.m., to show cause why the probation granted on August 22, 2002, and subsequently modified, should not be revoked.  [¶]  IT IS SO ORDERED."  (Id.)

[2] Overruled on other grounds in United States v. Palomba, 182 F.3d 1121, 1123 (9th Cir.1999).

1          adjudication of matters arising before its expiration if, before its
2          expiration, a warrant or summons has been issued on the basis of
          an allegation of such a violation.

3  Id.

4          Here, it is clear that no warrant issued and that the August 15, 2007 order was not

5  based on sworn allegations.  The question here is whether this court's order of August 15, 2007

6  may be construed as a summons under the above statutes.  This court finds that it cannot.

7          The statutory provision for warrants or summonses, 18 U.S.C. § 3046, refers to

8  Rules 4 and 9 of the Federal Rules of Criminal Procedure.  Rule 4(b) provides for the form for

9  the warrant and summons:

10          (1) Warrant. A warrant must:

11          (A) contain the defendant's name or, if it is unknown, a name or
          description by which the defendant can be identified with
12          reasonable certainty;

13          (B) describe the offense charged in the complaint;

14          (C) command that the defendant be arrested and brought without
          unnecessary delay before a magistrate judge or, if none is
15          reasonably available, before a state or local judicial officer; and

16          (D) be signed by a judge.

17          (2) Summons. A summons must be in the same form as a warrant
          except that it must require the defendant to appear before a
18          magistrate judge at a stated time and place.

19  Id.  Rule 9(b) provides:

20          (1) Warrant. The warrant must conform to Rule 4(b)(1) except that
          it must be signed by the clerk and must describe the offense
21          charged in the indictment or information.

22          (2) Summons. The summons must be in the same form as a warrant
          except that it must require the defendant to appear before the court
23          at a stated time and place.

24  Id.

25          Under common principles of statutory construction, the word "summons" is a

26  term of art distinguishing it from orders issued by judicial officers.  The Court of Appeals for the

1   Ninth Circuit has construed 18 U.S.C. § 3583(i) "to mean that not all warrants or summonses

2   will extend the district court's jurisdiction to revoke supervised release." United States v.

3   Vargas-Amaya, 389 F.3d 901 (9th Cir. 2004).   In Vargas-Amaya, the court held that the district

4   court's jurisdiction to revoke supervised release could be extended beyond the term of

5   supervision, based upon a warrant issued during the term of supervision, but only if the warrant

6   was based on sworn facts.  Id.  The court declined to express an opinion as to whether the

7   summons must also be based upon sworn facts.  Id. at 906 n.4.

8          However, this court finds the reasoning of Vargas-Amaya equally applicable to

9   the summons in this context.  Rule 4(a) of the Federal Rules of Criminal Procedure states:

10             If the complaint or one or more affidavits filed with the complaint
               establish probable cause to believe that an offense has been
11             committed and that the defendant committed it, the judge must
               issue an arrest warrant to an officer authorized to execute it.  At the
12             request of an attorney for the government, the judge must issue a
               summons, instead of a warrant, to a person authorized to serve it.
13             A judge may issue more than one warrant or summons on the same
               complaint. If a defendant fails to appear in response to a summons,
14             a judge may, and upon request of an attorney for the government
               must, issue a warrant.

15

16   Id.  Rule 3 of the Federal Rules of Criminal Procedure requires that the complaint be made under

17   oath.  Id.  When read together, these rules demonstrate that generally a summons must also be

18   supported by allegations sworn under oath.  As noted by defendant, the Ninth Circuit has

19   previously found there was "little distinction between the issuance of a warrant or a summons."

20   United States v. Greenberg, 320 F.2d 467 (9th Cir. 1963)(the requirement that it must appear

21   from the complaint that there is probable cause to believe an offense has been committed and that

22   defendant has committed it, applies whether a warrant or summons is issued); see also Jaben v.

23   United States, 381 U.S. 214, 219 (1965)("Notice to a criminal defendant is usually achieved by

24   service upon him of the summons or arrest warrant provided for in Rule 4.  Neither is appropriate

25   absent a judgment by the [magistrate judge] that the complaint shows probable cause. . . .")

26   /////

4

Rule 9 of the Federal Rules of Criminal Procedure also hinges the issuance of a warrant or summons on whether one or more affidavits accompanying the information establish probable cause. Id. "Professor Wright has concluded that since a summons may issue "instead of a warrant," and a warrant may issue only on a sworn information, then a summons may issue only on a sworn information." United States v. Millican, 600 F.2d 273, 276 (5th Cir. 1979), cert. denied, 445 U.S. 915 (1980), quoting 1 Wright, Federal Practice and Procedure, § 151 at 342 (1969). "If a summons could be issued on an information not supported by oath, and a warrant then issued for failure to appear in response to the summons, the end result would be that defendant could be arrested on warrant though there had never been a showing under oath of probable cause. This is not permissible." Id.

Rule 58 of the Federal Rules of Criminal Procedure also supports this court's conclusion that a summons, like a warrant, must be supported by sworn statements. Id.

> (3) Summons or Warrant. Upon an indictment, or upon a showing by one of the other charging documents specified in Rule 58(b)(1) of probable cause to believe that an offense has been committed and that the defendant has committed it, the court may issue an arrest warrant or, if no warrant is requested by an attorney for the government, a summons. The showing of probable cause must be made under oath or under penalty of perjury, but the affiant need not appear before the court. If the defendant fails to appear before the court in response to a summons, the court may summarily issue a warrant for the defendant's arrest.

Id. This rule specifically requires that the showing of probable cause, supported by facts asserted under oath or penalty of perjury, is required whether a warrant or summons is issued. Id.

Finally, in the Speedy Trial Act context, 18 U.S.C. § 3161(b),[3] courts have held that only a court order based on a complaint supported by probable cause is a "summons" that

---

[3] Section 3161(b) provides as follows: "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days." Id.

1   triggers the thirty day time limit; other documents hailing a defendant into court are not a

2   "summons."  See e.g., United States v. Graef, 31 F.3d 362, 364 (6th Cir. 1994)(a violation of

3   notice is not a "summons" under the Speedy Trial Act because it is not issued in conjunction

4   with a "complaint," as defined by Fed. R. Crim. P. 3.)

5           There is no reason to invent a new meaning for the word "summons," when

6   applying 18 U.S.C. § 3565(c).  This court is required to follow the analysis used by the Ninth

7   Circuit in Vargas-Amaya when it interpreted the parallel statutory section, 18 U.S.C. § 3583(i).

8   Because this court's August 15, 2007 order was not based on probable cause supported by sworn

9   allegations, it was not a "summons" within the meaning of 18 U.S.C. § 3565(c), and therefore

10  this court no longer retains jurisdiction over the petition to revoke probation.  Good cause

11  appearing, defendant's motion to dismiss will be granted and the petition to revoke probation

12  will be denied.

13          Accordingly, IT IS HEREBY ORDERED that:

14          1.  Plaintiff's August 1, 2007 petition to revoke probation is denied.

15          2.  Defendant's October 4, 2007 motion to dismiss is granted.

16  DATED:  March 26, 2008.

17

18                              UNITED STATES MAGISTRATE JUDGE

19

20  /herndon.oah

21

22

23

24

25

26

6